**UNITED STATES of America,**
**Appellee,**

v.

**Luke JONES, also known as Mega, et al., Defendants,**

**Lance Jones and Lonnie Jones, also known as LT, Defendants–Appellants.**

**Docket Nos. 01–1001, 01–1668.**

United States Court of Appeals,
Second Circuit.

Aug. 23, 2004.

William M. Bloss, Jacobs, Grudberg, Belt & Dow, P.C., New Haven, CT, for Lonnie Jones.

Earle Giovanniello, New Haven, CT, for Lance Jones.

Alex V. Hernandez, Assistant United States Attorney for the District of Connecticut, Bridgeport, CT, for United States of America.

Present: NEWMAN, CARDAMONE, and KATZMANN, Circuit Judges.

## SUMMARY ORDER

For the reasons that follow, we affirm the judgments of conviction and sentences imposed on defendants Lance Jones and Lonnie Jones by the district court in judgments entered on December 28, 2000 and December 12, 2001, respectively. The parties' familiarity with the facts and procedural history of the case, as well as with the rulings of the district court and issues on appeal, is assumed. In a separate opinion filed today we address one of defendants' challenges to these rulings: Whether the district court erred when it disqualified Lonnie Jones' attorney based on its conclusion that an unwaivable conflict of interest existed or when it decided to conduct conferences on the matter *in camera* and without the defendant being present. The remaining issues raised on appeal are discussed in this summary order.

(1) With respect to defendant Lonnie Jones, we think the district court properly denied his motion to suppress the evidence seized in connection with the stop of the vehicle in which he was riding with defendant Harris and his subsequent arrest on October 8, 1998, because the police had probable cause to believe that the vehicle contained evidence of a crime (*i.e.*, cash to purchase drugs) and that Lonnie Jones was committing an offense. The search was therefore permissible pursuant to the automobile exception as well as incident to his arrest. The initial stop of the vehicle in which Lonnie Jones was riding on November 6, 1999, did not constitute a *de facto* arrest, and if at some point the stop escalated into a *de facto* arrest, there was, by that point, probable cause to justify such arrest.

(2) With respect to defendant Lance Jones, the district court did not err in denying his motion to suppress the evidence recovered from the car in which he was riding on November 6, 1999, for the reasons stated above with respect to Lonnie Jones. Lance Jones is not entitled to a mistrial on the ground that he was unfairly prejudiced when jurors observed him in handcuffs during the course of his trial because it was within the discretion of the district court to conclude, after conducting a *voir dire*, that no prejudice ensued, *see United States v. Torres*, 519 F.2d 723, 727–28 (2d Cir.1975), and because, in light of the *voir dire*, a curative instruction was not required, *cf. United States v. Taylor*, 562 F.2d 1345, 1359 (2d Cir.1977). The district court was not required to determine whether Lance Jones' offense level was 33 or 34 because the district court would have imposed the same sentence

irrespective of the difference in level. The district court gave an adequate explanation describing Lance Jones' extensive criminal history that justified a sentence at the upper end of the range corresponding to offense level 33.

Accordingly, for the foregoing reasons, we affirm the judgments of conviction and sentences of the district court.

As explained in the opinion also filed today, no mandate will issue at this time.